USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
    UNITED STATES,

                -v-                                                1:21-cr-491-GHW

    CHRISTOPHER GAY,                             ORDER

                                Defendant.
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    The June 20, 2023 application for the early termination of Christopher Gay's supervised release is denied. Dkt. No. 23 (the "Application"). Section 3583(e) of Title 18 of the United States Code provides that a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir.1997). District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

    Early termination "is not warranted as a matter of course." *United States v. Fenza*, No. CR 03–0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013). "Full compliance with the terms

of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *Id.* "Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant . . . —will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court has considered the applicable factors under 18 U.S.C. § 3553(a) and concludes that Mr. Gay's Application should be denied. First, the Court notes that Mr. Gay's underlying criminal conviction was for a serious crime—a robbery in which a firearm was brandished, in which Mr. Gay and his co-defendants stole jewelry valued at over $3,000,000. Mr. Gay asserts that he is entitled to supervised release because "his record and behavior under Supervised Release is one of excellence in compliance to laws of society and supervised release . . . ." Application at 3. The Court notes, however, that it was just over a year ago that Mr. Gay pleaded guilty to a violation of his supervised release, which led to a modification of the conditions of his release. As a result, the Court does not conclude that Mr. Gay's conduct throughout the period of his supervised release has been "one of excellence in compliance to . . . supervised release."

While the Court applauds Mr. Gay's reported work and community service, that is "what is expected of a person under . . . supervised release and does not warrant early termination." *United States v. Fenza*, 2013 WL 3990914, at *2. The Court continues to believe that the conditions of supervised release remain appropriate, and, in particular, that they provide Mr. Gay with valuable supports—such as the continuing mental health treatment ordered by the Court following Mr. Gay's prior violation of supervised release. *See* Dkt. No. 22.

Having duly considered all of the applicable factors, the Court concludes that there is no basis to terminate Mr. Gay's supervised release early.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Gay and to terminate the motion pending at Dkt. No. 23.

SO ORDERED.

Dated: June 20, 2023
New York, New York

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　GREGORY H. WOODS
　　　　　　　　　　　　　　　　　　　　　United States District Judge